UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn Canada,                                                Civ. No. 21-2204 (PAM/JFD)

          Plaintiff,

v.
                                                          **ORDER**

Mathias Antony, Olmsted Community of
Corrections, Chad Mitch, Paul Schnell,
Mary Eichten, Robyn Wood, Alex
Bunger, Paul Flessner, Sarah Sommer,
Tara Rathman, Andrew Karlsen, Kristin
Lang, Scott Roffers, William McDonald,
Michael Rogosheske, Travis Gransee,

          Defendants.

This matter is before the Court on Plaintiff Shawn Canada's pro se complaint. (Docket No. 1). [1] For the following reasons, the Canada's complaint is dismissed for failure to state a claim.

In his threadbare complaint, Canada alleges that Defendants Chad Mitch and Mathias Antony violated federal law by continuing to detain him in ostensible violation of

---

[1] This case the sixth of eight that Canada has filed in the last two months. See Canada v. All Members of Damascus Way Staff, et al., 21-cv-1904 (SRN/LIB) (D. Minn. 2021), Canada v. Williamson, et al., 21-cv-2085 (DSD/TNL) (D. Minn. 2021), Canada v. Olmsted County Community of Corrections, et al., 21-cv-2120 (NEB/DTS) (D. Minn. 2021), Canada v. Davis, et al., 21-cv-2186 (JRT/HB) (D. Minn. 2021), Canada v. Stehr, et al., 21-cv-2188 (SRN/ECW) (D. Minn. 2021), Canada v. Antony, et al., 21-cv-2204 (PAM/JFD) (D. Minn. 2021), Canada v. MCF Faribault, et al., 21-cv-2228 (NEB/TNL) (D. Minn. 2021), Canada v. Kroening, 21-cv-2273 (SRN/KMM) (D. Minn. 2021).

a June 7, 2018, a state-court order placing him on conditional release. (Complaint (Docket No. 1 at 1). Canada then lists numerous federal statutes that these Defendants allegedly violated: 18 U.S.C. §§ 241, 242, 1113, 1201, 12.03[2], 1503, 1505, 1509-1513, 1961-1962, and 25 CFR § 11.404. (Complaint at 2). Canada provides no factual narrative whatsoever in support of this list of statutes, nor does he mention the fourteen other Defendants listed in the caption of his pleading. Instead he appends three documents that appear to be a Discipline History Report for some of his time in the Minnesota Department of Corrections, a docket sheet for a state court criminal matter (State v. Canada, No. 55-CR-18-2621 (Olmsted County Dist. Ct. 2018)), and the State's dismissal of the same criminal matter. (Docket No. 1-2 at 1-8).

Because Canada is a prisoner, his complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations

---

[2] The Court did not locate any statute by the citation of 18 U.S.C. § 12.03, however, there is an 18 U.S.C. § 1203. The Court assumes that because § 1203 is similar to other statutes Canada cites it is the statute he intended to cite.

2

in the complaint and draws all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Canada's complaint is devoid of any factual allegations that present a valid basis for relief in federal court. He does nothing to tie his one-paragraph factual narrative about allegedly unconstitutional detention to the numerous provisions of federal law that he cites in his complaint. Threadbare legal allegations are not sufficient to state a claim. See e.g. Bell, 550 U.S. 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"). Furthermore, even if there was any relationship between Canada's factual allegations and the identified legal theories, these theories do not support a private cause of action. Sections 241 (criminal conspiracy), 242 (criminal conspiracy), 1113 (attempted murder), 1201 (kidnapping), 1203 (hostage taking), 1503-1513 (obstruction of justice) and 25 CFR § 11.404 (false imprisonment) set forth conduct and criminal penalties for offenses under federal law. A private individual may not initiate criminal charges of his or her own accord. See Kunzer v. Magill, 667 F.

Supp.2d 1058, 1061 (D. Minn. 2009) (a private citizen does not have authority to initiate a criminal proceeding, or to seek to have a criminal proceeding opened against another person or entity) (citing Jones v. Clinton, 206 F.3d 811, 812 (8th Cir. 2000)); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another); Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress.").

As for the remaining two sections Canada cites, 18 U.S.C. §§ 1961 and 1962, these are both provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961-1968. RICO contains both criminal and civil action provisions. Section 1961 is a generic definitions section and Section 1962 outlines conduct that is prohibited under RICO. Neither of these sections creates a private right of action. 18 U.S.C. § 1964(c) allows private citizens to seek recourse for injury to his business or property under RICO, but even assuming Canada intended to rely on that section his factual allegations are insufficient. Construing the Complaint liberally, Canada alleges injury in the form of detention beyond when he should have been released by court order. But this alleged injury is not an injury to his business or to property. See, e.g., Grogan v. Platt, 835 F.2d 844, 847 (11th Cir. 1988) (death by murder is not compensable under § 1964(c) because loss of earnings and other similar losses do not fit within the ordinary meaning of business or property); Bankers Trust Co. v. Rhodes, 741 F.2d 511, 515 (2d Cir. 1984), vacated on other grounds, 473 U.S. 922 (1985) ("[T]he plaintiff must show a proprietary type of damage. For example, a person physically injured in a fire whose origin is arson is not given the

4

right to recover for his personal injuries; damage to his business or his building is the type of injury for which § 1964(c) permits suit."); Manchester v. Rzewnicki, 777 F. Supp. 319, 329 (D. Del. 1991) (prisoner's RICO claim dismissed because he had no property interest in a potential default judgment in other civil litigation). Accordingly, Canada has failed to state a valid claim under the cited provisions of RICO.

In sum, Canada's Complaint does not contain any adequately pled claims for relief. Further, the Court will not give Canada an opportunity to amend his pleading because all of his cited legal theories are federal criminal statutes under which he will never have authority to bring a claim.

Based on the foregoing analysis, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Shawn Canada's pro se complaint (Docket No. 1) is **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915A(b); and

2. Plaintiff Shawn Canada's motion to proceed in forma pauperis (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, October 18, 2021

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Judge